1  Benjamin D. Swanson, Esq. SBN: 266629
   Gregory C. Schaffer, Esq. SBN: 239836
2  **THE SWANSON LAW GROUP**
   31824 Village Center Road, G-Unit
3  Westlake Village, California 91361
   Tel: 818-852-7300
4  Fax: 818-852-7298
   E-mail: Ben@theswansonlawgroup.com
5          Greg@theswansonlawgroup.com

6  Attorney for Plaintiff,
   ARMANDO ORELLANA

7

8

9                    UNITED STATES DISTRICT COURT

10         DISTRICT OF CALIFORNIA – NORTHERN DIVISION

11

12  ARMANDO ORELLANA,                    )  Case No.
                                         )
13              Plaintiff,               )
                                         )  **PLAINTIFF'S COMPLAINT FOR**
14      vs.                              )  **DAMAGES**
                                         )
15  MICHAEL JEFFREY ESH, UNITED          )
    STATES, and DOES 1-100,              )  **JURY TRIAL REQUESTED**
16                                       )
                                         )
17              Defendants.              )

18                         **COMPLAINT**

19      COMES NOW, Plaintiff ARMANDO ORELLANA, individually, and alleges against

20  Defendants MICHAEL JEFFREY ESH and UNITED STATES, as follows:

21                   **JURISDICTION & VENUE**

22      1.      This Complaint involves causes of action asserted by Plaintiff ARMANDO

23  ORELLANA against Defendants MICHAEL JEFFREY ESH and UNITED STATES for damages

24  arising out of a motor vehicle collision in which a United States Navy vehicle, driven by an

25  employee of the United States, Defendant MICHAEL JEFFREY ESH, under color thereof, struck

26  the Plaintiff.

27

28

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1346 which provides for original jurisdiction of the district courts over civil actions for damages against the United States.

3.     Jurisdiction also is proper because the amount in controversy is in excess of $75,000.

4.     The subject motor vehicle collision (the "Subject Incident") occurred in the City of San Francisco, County of San Francisco, and State of California.  Therefore, venue is proper in the United States District Court for the Northern District of California.

**PARTIES**

5.     At all times relevant to this Complaint, Plaintiff ARMANDO ORELLANA (herein referred to as "Plaintiff") was a California resident, and subject to the jurisdiction of the City of San Francisco, County of San Francisco, State of California.

6.     Plaintiff is informed and believes and based thereon alleges that Defendant JEFFREY MICHAEL ESH (herein referred to as "Defendant ESH") was and is a California resident, and subject to the jurisdiction of the City of Vacaville, County of Solano, State of California.

7.     Plaintiff is informed and believes and based thereon alleges that Defendant is the UNITED STATES, which is, and was at all relevant times, the controlling, supervisory authority of the Department of the Navy, headquartered in Virginia, and conducting affairs in the State of California, County of San Francisco, and City of San Francisco, through itself, its agents, and its alter egos.

8.     Plaintiff is informed and believes, and based thereon alleges, that at all times herein relevant, there was a unity of interest and operation between Defendant UNITED STATES, and the Department of the Navy (hereinafter collectively referred to as "Defendant UNITED STATES") such that their separate and independent formation or classifications were a fiction and did not in fact exist, and that each was the alter-ego of the other.

9.     Plaintiff is informed and believes, and thereon alleges, that at all times herein relevant, Defendant ESH, as an agent, servant, employee, of Defendant UNITED STATES, and was, as such, acting within the course, scope, color and authority of said agency, employment, and/or venture.

10.     The true names and capacities, whether individual, plural, corporate, governmental, partnership, associate, or otherwise, of DOES 1 through 100, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. The full extent of the facts linking such fictitiously sued Defendants is presently unknown to Plaintiff but subject to discovery. Plaintiff is informed and believes, and thereupon alleges, that each of the Defendants designated herein as a DOE was, and is, negligent, or in some other actionable manner, responsible for the events and happenings hereinafter referred to, and thereby negligently, or in some other actionable manner, legally and proximately caused the hereinafter described injuries and damages to Plaintiff. Plaintiff will hereafter seek leave of the Court to amend this Complaint to show the Defendants' true names and capacities after the same have been ascertained.

## EXHAUSTION OF ADMINISTRATIVE REMEDY

11.     On or about March 11, 2021, Plaintiff filed an administrative claim (Form 95) for damages related to the subject incident with the Department of the Navy.  (Declaration of Benjamin D. Swanson ("Swanson Decl.") Ex. A.)

12.     On or about September 10, 2021, the Department of the Navy denied Plaintiff's administrative claim. (*See* Swanson Decl., Ex. B.)

## FACTUAL ALLEGATIONS

13.     Plaintiff hereby re-alleges and incorporates by reference each and every preceding paragraph as though fully set forth herein.

14.     Plaintiff is informed and believes, and based thereon alleges that at all relevant times, Defendant UNITED STATES employed or otherwise retained employees in order to perform certain duties in the United States, the State of California, the County of San Francisco and the City of San Francisco.

15.     Defendant UNITED STATES used its employees to perform work for Defendant and provided them with official vehicles in order to perform their duties.

16.     At all relevant times, Defendant ESH was an agent or employee of Defendant UNITED STATES and was operating an official Department of the Navy vehicle in the scope of his employment and authority for Defendant UNITED STATES.

## FIRST CAUSE OF ACTION

### (General Negligence)

17.     Plaintiff hereby re-alleges and incorporates by reference each and every preceding paragraph as through fully set forth herein.

18.     The law of the State of California applies to negligent conduct by Federal governmental entities.  32 CFR § 750.23.

19.     Plaintiff is informed and believes, and thereon alleges, that on or about September 25, 2020, Defendant ESH was at all relevant times an employee of Defendant UNITED STATES, and Does 1-100, and was operating a Chevrolet Colorado truck (the "Vehicle") under color of his authority as a UNITED STATES employee/agent and was within the scope of said employment/agency.

20.     Plaintiff is informed and believes, and thereon alleges, that on or about September 25, 2020, Defendant ESH was operating the Vehicle in the City of San Francisco, County of San Francisco; he was traveling straight on westbound Evans Avenue and he failed to yield the right of way to Plaintiff, who was a pedestrian crossing the street, causing the Vehicle to collide into Plaintiff's person.

21.     Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant ESH, Defendant UNITED STATES, and DOES 1 through 100, inclusive, and each of them, owed a duty of care to Plaintiff to own, lease, maintain, inspect, entrust, delegate, manage, regulate, control and operate the Vehicle in a reasonable manner. Plaintiff is further informed and believes, and thereon alleges, that at all relevant times, Defendant ESH, Defendant UNITED STATES, and DOES 1 through 100, also owed a non-delegable duty to protect (and ensure its

employees/agents did the same) the safety of the public, including Plaintiff, because Defendant ESH, Defendant UNITED STATES, and DOES 1 through 100, inclusive were engaged in an activity that was inherently dangerous to the public.

22.    Plaintiff is informed and believes, and based thereon alleges, that at all times relevant, Defendant ESH owed a duty while operating the Vehicle under color of Defendant UNITED STATES to his fellow motorists and to the public at large, to exercise reasonable care in the operation of the Vehicle, to keep a look out for other vehicles, and to reasonably control the speed and movement of the Vehicle (and generally to drive in a reasonably prudent manner).  On or about September 25, 2020, Defendant ESH was operating the Vehicle under color of Defendant UNITED STATES, driving on Evans Avenue and failed to see, anticipate, yield to, and avoid Plaintiff's person as he was crossing the street on Evans Avenue, with the clear right-of-way (thereby breaching his duty).  Defendant ESH collided his Vehicle with Plaintiff's person as a result.

23.    As a legal, direct and proximate result of the conduct of Defendant ESH, Defendant UNITED STATES, and DOES 1-100, inclusive, as aforesaid, Plaintiff suffered non-economic damages, including, but not limited to, past and future physical pain and mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, serious emotional distress, in an amount in excess of the jurisdictional minimum, according to proof.

24.    As a legal, direct and proximate result of the conduct of Defendant ESH, Defendant UNITED STATES, and DOES 1-100, inclusive, as aforesaid, Plaintiff employed the services of hospitals, physicians, nurses, and the like, to care for and treat them, the exact amount of such losses to be stated according to proof. Plaintiff will require similar future medical expenses as well, the exact amount of such losses to be stated according to proof.

25.    As a legal, direct and proximate result of the conduct of Defendant ESH, Defendant UNITED STATES, and DOES 1-100, inclusive, as aforesaid, Plaintiff suffered lost earnings and earning capacity, the exact amount of such losses to be stated according to proof.

1

**PRAYER FOR RELIEF**

2
  WHEREFORE, Plaintiff ARMANDO ORELLANA respectfully prays for entry of

3
judgment against Defendant ESH, Defendant UNITED STATES, and DOES 1 through 100, and

4
for relief as follows:

5
**AS TO THE FIRST CAUSE OF ACTION:**

6
  a.  General Damages according to proof at the time of trial;

7
  b.  Special Damages according to proof at the time of trial;

8
  c.  For costs of suit herein incurred according to proof at the time of trial; or

9
      prejudgment interest from the date of harm or breach and/or from the date of

10
      filing; and,

11
  d.  For such other and further relief as this Court may deem necessary and proper or

12
      to which Plaintiff may be entitled pursuant to 28 U.S. Code § 2674.

13

14

15
Date: February 23, 2022.                    THE SWANSON LAW GROUP

16

17
                                            _____
                                            Benjamin D. Swanson, Esq.
18
                                            Attorney for Plaintiff

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**REQUEST FOR JURY TRIAL**

Plaintiff ARMANDO ORELLANA, hereby requests a trial by jury on all issues so triable in the above-entitled action.


Date: February 23, 2022.                                        THE SWANSON LAW GROUP


_____
 Benjamin D. Swanson, Esq.
 Attorney for Plaintiff