UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO ORELLANA,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>    Defendant. | Case No. 22-cv-01142-DMR<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE**<br><br>Re: Dkt. No. 40 |

Plaintiff Armando Orellana filed this action in February 2022 alleging claims arising out of a motor vehicle collision. In January 2023, the court granted Swanson Law Group's ("Swanson") motion to withdraw as counsel for Orellana due to Orellana's failure to communicate with counsel and cooperate in the prosecution of his case but ordered counsel to continue to serve all papers in this action on Orellana using the best possible means. [Docket No. 38.] Defendant United States now moves pursuant to Federal Rule of Civil Procedure 41(b) to dismiss the case for failure to prosecute. [Docket No. 40.] Despite being served with the motion, Orellana did not file an opposition. The court held a hearing on the motion on May 11, 2023, at which Orellana did appear. For the following reasons, the motion is granted.

**I.    BACKGROUND**

Orellana, represented by Swanson, filed a complaint against Defendants Michael Jeffrey Esh and the United States on February 24, 2022. The complaint alleged a single claim of negligence based on a September 25, 2020 incident in which Orellana, a pedestrian, was struck by a car that Esh was driving in the course of his employment by the United States Department of the Navy. Compl. ¶¶ 19, 20. Orellana later filed an amended complaint naming the United States as the sole Defendant. [Docket No. 22.]

In July 2022, Defendant served requests for production (RFPs), requests for admission

(RFAs), and interrogatories on Orellana requesting information about the incident, Orellana's medical treatment following the incident, and his claimed damages. [Docket No. 41 (Bernardoni Decl. Mar. 24, 2023) ¶¶ 3-6, Exs. A-C.] After receiving an extension of the deadline to respond to the discovery, Bernardoni Decl. ¶ 7, Ex. D, on August 31, 2022, Swanson moved to withdraw on the grounds that Orellana had failed to communicate with counsel and failed to assist with responding to discovery. [Docket No. 25.] The motion to withdraw detailed counsel's repeated unsuccessful efforts to contact Orellana, including unsuccessful attempts to communicate with him with the assistance of his brother, Marvin Rivas Manzano, and sister-in-law, Nehi Castillo. *See id*.

The court ordered Orellana to be present at the hearing on the motion to withdraw via Zoom webinar. [Docket No. 29.] Orellana appeared at the October 13, 2022 hearing with Castillo and indicated that he wished to proceed with the case. The court denied the motion to withdraw without prejudice but warned Orellana that if he did not "maintain sufficient contact with counsel and adequately participate in his case," Swanson could re-file the motion to withdraw. [Docket No. 30.]

Defendant granted Orellana three additional extensions of the deadline to respond to discovery. Bernardoni Decl. ¶ 7, Ex. D. On November 28, 2022, Orellana provided handwritten responses to Defendant's RFAs. He did not provide responses to the RFPs or interrogatories. Bernardoni Decl. ¶¶ 8, 15, Ex. E.

On December 9, 2022, Swanson filed a renewed motion to withdraw on the ground that Orellana had not assisted with responding to discovery and failed to respond to counsel's requests for information and attempts to communicate about the case. [Docket No. 33.] Swanson served its motion on Orellana via Manzano and Castillo. *Id*. at ECF p. 6. The court granted the motion to withdraw on January 26, 2023 and ordered counsel to continue to serve all papers in this action on Orellana using the best possible means, including by U.S. mail to Castillo. The court again warned Orellana that "failure to cooperate in this litigation, with or without representation by counsel, may result in dismissal of his case." [Docket No. 38.]

In February 2023, Defendant served a meet and confer letter regarding the outstanding

discovery on Orellana via Swanson, along with additional sets of RFPs, RFAs, and interrogatories. Bernardoni Decl. ¶¶ 9-13, Exs. F-J. Swanson confirmed that it had served the letter and discovery on Orellana via email to Castillo. As of March 24, 2023, Orellana has not responded. Bernardoni Decl. ¶¶ 14, 15, Ex. K.

Defendant now moves pursuant to Federal Rule of Civil Procedure 41(b) to dismiss the case for failure to prosecute. Swanson served the motion on Orellana via email and U.S. mail to Castillo and Manzano. [Docket Nos. 43, 44.] Orellana did not file a response and did not appear at the May 11, 2023 hearing.

## II. DISCUSSION

Before dismissing a case for failure to prosecute, the court must examine the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986) (citations omitted). Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors strongly support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (internal citation and quotation marks omitted).

Here, four of the five *Henderson* factors weigh in favor of dismissal. The first two factors—the public's interest in expeditious resolution of litigation and the court's need to manage its docket—"relate to the efficient administration of judicial business for the benefit of all litigants with cases pending.'" *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1279 (9th Cir. 1980) (cleaned up). Orellana's repeated failure to communicate and cooperate with counsel in responding to discovery and prosecuting his case and subsequent failure to respond to defense counsel after his counsel withdrew have delayed adjudication of this action.

The third factor, "the risk of prejudice to the defendants," also weighs in favor of dismissal. "In determining whether a defendant has been prejudiced, [courts] examine whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987).

3

Orellana's actions in failing to respond to discovery have hindered Defendant's ability to adequately and timely prepare their defense, and unreasonably delayed the progress of this case. *See Chih-Cheng Tsao v. Cty. of Los Angeles, Office of Assessor*, No. CV 09-1268-JST CWX, 2011 WL 1532331, at *6 (C.D. Cal. Mar. 30, 2011), *report and recommendation adopted sub nom. Chih Cheng Tsao v. Cty. of Los Angeles*, No. CV 09-1268 JST CWX, 2011 WL 1532014 (C.D. Cal. Apr. 22, 2011) (finding third factor met; "[w]ithout the opportunity to obtain [the plaintiff's] sworn deposition testimony regarding the alleged factual basis for her claims, [the defendants]' ability to defend this action appropriately and efficiently has been impeded." (citing cases)).

The fourth factor, "the public policy favoring disposition of cases on their merits," weighs against dismissal. *See Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal.").

The last factor, "the availability of less drastic alternatives," weighs in favor of dismissal. "In determining whether a district court has properly considered the adequacy of less drastic sanctions before dismissing a party's case, [the Ninth Circuit] consider[s] (1) whether the district court explicitly discussed the feasibility of less drastic sanctions and explained why such alternate sanctions would be inappropriate; (2) whether the district court implemented alternative sanctions before ordering dismissal; and (3) whether the district court warned the party of the possibility of dismissal before ordering dismissal." *Anheuser-Busch, Inc. v. Nat. Beverage Distribs.*, 69 F.3d 337, 352 (9th Cir. 1995). A district court need not implement a less severe sanction if it "reasonably conclude[s]" that a lesser sanction would be "pointless." *Hester v. Vision Airlines, Inc.*, 687 F.3d 1162, 1170 (9th Cir. 2012) (citation and internal quotation marks omitted)). Here, the court has twice cautioned Orellana that failure to cooperate in this litigation would result in dismissal of this action. [*See* Docket Nos. 30, 38.] Thus, the court has fulfilled its "obligation to warn the plaintiff that dismissal is imminent." *Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992); *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (noting that a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the "consideration of alternatives" requirement).

In sum, although dismissal is a harsh sanction, the court concludes that no lesser sanction

is appropriate given Orellana's failure to cooperate in discovery and prosecute his case. Further, the fact that Orellana is now self-represented does not excuse him from complying with basic discovery obligations and communicating with defense counsel in accordance with court orders. *See Gordon v. Cty. of Alameda*, No. CV 06–02997–SBA, 2007 WL 1750207, at *5 (N.D. Cal. June 15, 2007) ("[P]ro se plaintiffs must abide by the rules of discovery, and when they fail to do so in bad faith dismissal is warranted."); *see also Sanchez v. Rodriguez*, 298 F.R.D. 460, 470-73 (C.D. Cal. 2014) (dismissing pro se prisoner's action for failure to respond to discovery and failure to comply with three court orders to respond to discovery). Accordingly, Defendant's motion is granted. This action is dismissed for failure to prosecute.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is granted. This action is dismissed without prejudice.

**IT IS SO ORDERED.**

Dated: May 15, 2023



Donna M. Ryu
Chief Magistrate Judge